IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID GEVAS, #B-41175, )
)
      Plaintiff, )
)
vs. ) CIVIL NO. 11-325-MJR
)
JOYCE HOSKINSON, JOHN DOE(S) )
and JANE DOE(S), )
)
      Defendants. )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      This matter comes before the Court for case management, and on Plaintiff's Motions for Extension of Time to Pay Filing Fee (Docs. 21, 23), and Motion to Appoint Counsel (Doc.22). A summary of the history of this action may be helpful. Plaintiff's original complaint was filed as Civil No. 10-493-MJR (*Gevas v. Ryker*), and included two claims (Count 3 and Count 4) against Defendant Hoskinson for interference with Plaintiff's legal mail. Upon preliminary review of the complaint, this Court determined that Count 3 should be dismissed, and that Count 4 must be severed into a new case. On February 22, 2011, the Court notified Plaintiff that Count 4 would be severed unless Plaintiff moved to voluntarily dismiss that claim (*see* Doc. 9 in *Gevas v. Ryker*, 10-493-MJR).

      On April 15, 2011, Defendant Hoskinson was served by the United States Marshal Service with summons, the complaint, and the orders at Docs. 9 and 22 in *Gevas v. Ryker*, 10-493-MJR (Doc. 43 in *Gevas v. Ryker*, 10-493-MJR).

      Meanwhile, Plaintiff had filed his motion for reconsideration of the dismissal of Count 3,

and a motion to dismiss Count 4 (Docs. 32 and 35 in *Gevas v. Ryker*, 10-493-MJR). On April 15, 2011, this Court granted both motions, reinstating Count 3 against Defendant Hoskinson, dismissing Count 4, and then severing Count 3 into the instant action (Doc. 38 in *Gevas v. Ryker*, 10-493-MJR; also filed as Doc. 1 in this case). Accordingly, on April 18, 2011, Defendant Hoskinson was terminated as a defendant in *Gevas v. Ryker*, 10-493-MJR, when the claim designated as Count 3 in the original case was severed into the instant action.

In the severance order (Doc. 1), Plaintiff was also directed to file his First Amended Complaint against Defendant Hoskinson, in order to include the additional factual allegations brought up in his motion for reconsideration. That order also directed Plaintiff to serve Defendant Hoskinson with a copy of the amended complaint and any other documents he might file.

On May 26, 2011, Plaintiff filed his First Amended Complaint (Doc. 11) as ordered, and included claims against John Doe and Jane Doe defendants. However, Plaintiff did not file a certificate showing service of the First Amended Complaint on Defendant Hoskinson. Plaintiff was ordered in Docs. 15 and 17 to file his certificate of service, and he has now done so (Doc. 20). That certificate shows that Plaintiff mailed a copy of the First Amended Complaint to Defendant Hoskinson on June 13, 2011 (Doc. 20).

As to the Motion to Appoint Counsel (Doc. 22), there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2)

given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff indicates that he has made some effort to retain counsel, including contacting four law firms and requesting representation. Plaintiff's efforts have been unsuccessful.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli*, 615 F.3d at 852 (noting infancy of case makes it impossible to make accurate determination of *pro se* litigant's ability to litigate case). Plaintiff's claim does not appear to be factually or legally complex: he alleges that Defendants improperly opened and read his incoming legal mail that was marked as confidential legal correspondence. Plaintiff appears to have adequately articulated his legal issues in his Complaint, motions and First Amended Complaint. Future developments may change the Court's mind on whether counsel should be appointed, but at this early stage and time the Court concludes that Plaintiff appears to be competent to litigate his case.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 22) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Extension of Time to pay his filing fee (Docs. 21 and 23) are **GRANTED**. Plaintiff shall pay the $350 filing fee for this action on or before July 8, 2011.

**IT IS FURTHER ORDERED** that Defendant Hoskinson shall file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant

to 42 U.S.C. § 1997e(g).  The responsive pleading (or any motion for extension of time with good cause shown) shall be filed within 21 days of the entry of this Order (on or before July 19, 2011).

Service shall not be made on the Unknown (John Doe/Jane Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.  Plaintiff is also reminded that he must serve a copy of every further pleading or other document submitted for consideration by the Court upon Defendant Hoskinson until defense counsel enters an appearance, and shall thereafter serve all documents upon defense counsel once an appearance is entered.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a

transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail a copy of this order to Defendant Hoskinson at Lawrence Correctional Center. The Clerk is further **DIRECTED** to file a copy of the return of service of summons on Defendant Hoskinson (Doc. 43 in *Gevas v. Ryker*, 10-493-MJR) in this case, in order for the docket in Civil No. 11-325-MJR to reflect that Defendant Hoskinson was properly served with notice of Plaintiff's original complaint.

**IT IS SO ORDERED.**

**DATED:** 6/28/2011

s/ MICHAEL J. REAGAN
_____
**U.S. District Judge**