IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID GEVAS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No.   11-cv-325-MJR-SCW |
| **JOYCE HOSKINSON, HEATHER CECIL,** **and CAROL HAHN,** | ) ) ) ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Sanctions (Doc. 154) and Plaintiff's Motion for Protective Order (Doc. 186). Specifically, Plaintiff notes that mail receipts that he had requested were destroyed and he believes that Defendants maliciously and deliberately destroyed the mail receipts so that they could hide this information from Plaintiff. Plaintiff has also filed a motion for a protective order to prevent Defendants from destroying any further documents related to this case. Defendants have filed a Response (Doc. 171) and Supplemental Response to Plaintiff's motion (Doc. 180). Plaintiff has filed a Reply (Doc. 184). Based on the following, the Court **DENIES** Plaintiff's motions.

This matter stems from a discovery request made by Plaintiff. Plaintiff sought to discovery the total number of mail receipts issued on certain dates. On July 13, 2012, the Court GRANTED Plaintiff's motion to compel and Ordered the Defendants to provide Plaintiff with information regarding the total number of mail receipts received by the Correctional Institution on five separate dates (Doc. 136). Defendants responded to the Order on August 13, 2012 indicating that they had spoken with Lawrence Correctional Center and that the documents Plaintiff sought had

already been destroyed per IDOC policy (Doc. 152). In response, Plaintiff filed the instant motion for sanctions (Doc. 154) arguing that he believed that the documents had been destroyed on purpose. On September 5, 2012, the Court issued an Order directing Defendants to provide information to the Court as to when the documents were destroyed, who destroyed them, and identify who provided defense counsel with this information (Doc. 165). Defendants responded that many of the receipts from requested dates were destroyed prior to the Court's July 13, 2012 Order. Specifically, the April 29, 2009 mail receipts were destroyed sometime on or after September 15, 2011, and the mail receipts from July 20, 2009, September 10, 2009, September 16, 2009, and October 9, 2009, had been destroyed sometime on or after March 2, 2012 (Doc. 171). Defendants response also indicated that the February 11, 2010 mail receipts had been destroyed sometime on or after August 1, 2012, which was after the Court's Order for Defendants to hand over the mail receipts.

The Court held another hearing on September 19, 2012 (Doc. 173). At that time, defense counsel indicated that she had contacted the litigation coordinator at Lawrence Correctional Center shortly after the Court's July hearing, on July 12, 2012, and that the coordinator did not get back to her until August 9, 2012, at which time she was informed that the documents had been destroyed. The Court Ordered Lawrence Correctional Center to explain to the Court why it destroyed the February 11, 2010 mail receipts after the Court ordered them to be preserved and turned over. Defense counsel provided Lawrence's response on October 1, 2012 (Doc. 180) indicating that litigation coordinator had sent a request to Defendant Heather Cecil in the Lawrence mailroom to pull the documents and count them, in order to comply with the Court's Order. When counsel did not hear back from the coordinator, she again emailed him on August 6, 2012, at which time the litigation coordinator again sent a request to Defendant Cecil and this time also included a request to Defendant Carol Hahn. This was done on August 9, 2012. Again, the litigation coordinator instructed

Defendants to pull the documents and count them. Defendant Hahn responded that same day, indicating that she spoke with the Records Retention Officer and that she was informed by the Officer that the documents had been destroyed. Defense counsel also spoke with Defendant Hahn who indicated that she had been on vacation from July 11, 2012 until August 1, 2012 and had no knowledge of the request made by the litigation coordinator until the August 9, 2012 request. Defendant Cecil indicated that as Defendant Hahn was on vacation, she was the main staff person in the mail room and so did not check on the request right away so that she could complete her other duties in a timely fashion. She also stated that she did not know of the records retention schedule and thus did not know that the documents would be destroyed.

In response to the Defendant's supplemental briefing, Plaintiff filed a Reply brief (Doc. 184) indicating that he believed that Defendant Cecil specifically waited until the documents were destroyed before requesting them. He believes that this was done intentionally because Defendants knew as early as March 25, 2012, that Plaintiff had requested these documents and defense counsel had responded to that request indicating that the documents had been requested from Lawrence Correctional Center. Plaintiff also filed a Motion for Protective Order (Doc. 186) requesting that the Court issue an Order preventing Defendants from destroying any further documentation in this case.

Having reviewed all of the filings on this issue as well as holding several hearings on the matter, the Court is now ready to enter its ruling on Plaintiff's motion for sanctions. **FEDERAL RULE OF CIVIL PROCEDURE 37** allows the Court to sanction a party for failure to comply with an order compelling disclosure from the Court or for failure to preserve and provide information to the other party. *See* **FED.R.CIV.P.27 (b)(2) and (c)(1).** An award of discovery sanctions is in the discretion of the Court. *See Langley by Langley v. Union Elec. Co.*, **107 F.3d 510, 513 (7th Cir.**

1997); *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). Dismissal of the case can be a sanction under Rule 37 only if the Court finds the defaulting party's actions to have been wilfull, in bad faith, or their fault. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011); *e360 Insight, Inc.,* 658 F.3d at 642 (the willfulness, bad faith, and fault standard only applies when dismissal or default is imposed as a sanction).

Here, the Court finds that sanctions are not warranted at this time. Contrary to Plaintiff's arguments, the Court does not find *at this time* that Defendants acted intentionally or that they allowed the requested documents to be destroyed in order to deny Plaintiff access to the mail receipts. There is simply no evidence in the record at this time to indicate that Defendants acted purposefully in allowing the documents to be destroyed or that there was any ill will or mischief on the part of Defendants. At most, it appears to the Court that the documents were destroyed at the negligence of Lawrence Correctional Center. Thus, the Court finds that sanctions are not warranted in this case. The Court does note that it is concerned about Defendants', specifically Defendants Hahn's and Cecil's, admitted involvement in the events that led to the destruction of the requested mail receipt. However, the Court finds that the issue of whether Defendants intentionally caused the documents to be destroyed is a factual issue best explored at trial. Counsel for Plaintiff will be able to cross-examine the Defendants about this issue. Additionally, Plaintiff could seek to have the jury instructed as to the spoliation of such evidence if Plaintiff establishes that the mail receipts were destroyed in bad faith *See* SEVENTH CIRCUIT PATTERN INSTRUCTION No. 1.20; *see also Faas v. Sears Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008) (adverse inference possible if party was found to have intentionally destroyed documents in bad faith*); Bracey v. Grondin*, -- F.3d --, 2013 WL 1007709, at * 4-5 (7th Cir. March 15, 2013)(moving party must establish that the party destroyed the evidence in bad faith). However, at this time, the Court does not find that

sanctions are warranted. Thus, the Court **DENIES without prejudice** Plaintiff's motion for sanctions (Doc. 154). The Court also **DENIES** Plaintiff's motion for protective order (Doc. 186) as he has not pointed to any specific discovery or documentation that he believes is in jeopardy of being destroyed.

**IT IS SO ORDERED**.

DATED: March 20, 2013.

                                                  */s/ Stephen C. Williams*
                                                STEPHEN C. WILLIAMS
                                                United States Magistrate Judge