IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GEVAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-cv-325-SCW ) |
| JOYCE HOSKINSON, HEATHER CECIL and CAROL HAHN, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

### I. Introduction and Background

Before the Court is Plaintiff's Rule 59 Motion to Alter or Amend Judgment (Doc. 230). Specifically, Plaintiff seeks the Court to alter its judgment entered in this case on June 18, 2013 (Doc. 228) because he claims he did not consent to have his case heard before the magistrate judge and his attorney did not consult with him before filing his motion for summary judgment. Defendants have filed a Response (Doc. 234) in opposition to the motion. Plaintiff has filed a Reply (Docs. 235 and 237). The Court **GRANTS** Plaintiff's motion to alter or amend judgment (Doc. 230).

### II. Background

On June 17, 2013, this Court entered summary judgment in favor of Defendants Hoskinson, Cecil, and Hahn and against Plaintiff (Doc. 226). Specifically, Plaintiff had alleged that Defendants interfered with his legal mail by improperly opening his legal mail on September 16, 2009, October 9, 2009, and February 10, 2010 and by overly scrutinizing his mail on April 29, 2009, July 20, 2009, and September 10, 2009. Plaintiff also alleged that Defendants returned a letter from his mother, for allegedly being perfumed, in retaliation for grievances Plaintiff filed against them. The

Court found that Defendants were entitled to summary judgment on all claims. As to the interference of mail claim, the Court found that the three opened letters, against a backdrop of regular, continuous communications with Plaintiff and his counsel, was too sporadic to support Plaintiff's claim that Defendants interfered with his mail (Doc. 226 at pp. 7-8). Further as to his claim of extra scrutiny, the Court found that the prison's actions did not go beyond what is allowed to properly verify the contents of mail (*Id.* at pp. 8-9). Finally, as to Plaintiff's claim of retaliation regarding his mother's returned mail, the Court found that Plaintiff had offered no evidence other than his bald assertion that his mother's letter was not perfumed, and thus should not have been returned, to support his claim and that was not enough to survive summary judgment (*Id.* at pp. 10-11). Thus, the Court granted Defendants' motion for summary judgment and entered judgment in their favor on June 18, 2013 (Doc. 228).

On June 27, 2013, Plaintiff filed his Rule 59 Motion to Alter or Amend Judgment (Doc. 230). Plaintiff requested that the Court alter its judgment as Plaintiff had not consented to have his case heard by the magistrate judge. He further argued that his counsel did not confer with him before filing a response to Defendants' motion for summary judgment and failed to attach an affidavit from his mother concerning her returned letter. Plaintiff argued that the affidavit from his mother would have stated that her letter to Plaintiff was not perfumed. Plaintiff's counsel filed a Response (Doc. 232) to Plaintiff's motion to inform the Court that he and Plaintiff discussed the issue of consenting and Plaintiff agreed to consent (Doc. 232 at ¶ 6). However, counsel did acknowledge that at a later date, but prior to him submitting Plaintiff's consent form, Plaintiff expressed a feeling of wanting to keep the trial date before Judge Reagan (*Id.* at ¶ 7). Counsel indicated that at the time he submitted his notice of consent, he believed Plaintiff had given him the authority to consent and that Plaintiff had not revoked that consent but that consent may have been ambiguous given Plaintiff's

voiced concerns (*Id.* at ¶ 8).

Defendants also responded to Plaintiff's motion (Doc. 234). Defendants argued that Plaintiff's consent was unambiguous and there was no evidence to suggest that he did not validly consent to proceeding before the magistrate judge. Further, Defendants argued that Plaintiff's motion to alter the Court's judgment as to the retaliation claim should also fail as Plaintiff could have submitted the affidavit from his mother in his responsive brief to the summary judgment motion, and in any event, Plaintiff had not shown that the affidavit would have prevented the Court from finding summary judgment in Defendants' favor.

Plaintiff filed a Reply brief to his motion to alter judgment (Docs. 235 and 237). Plaintiff argued that his attorney had no authorization to consent and that he sent a letter on June 18, 2013 to his attorney directing him to keep the trial date with District Judge Reagan. Plaintiff also argued that he did not receive any exhibits from his counsel when he received a copy of the proposed response to the pending summary judgment motion, so he did not know that an affidavit from his mother was not attached. Plaintiff contends that his attorney failed to attach the affidavit so that the case would not survive the summary judgment stage.

Plaintiff also filed numerous other motions since filing his motion to alter judgment. He filed a Motion to Appeal to the District Judge from Magistrate Judgment (Doc. 231) in which he asked District Judge Reagan to review his appeal, raising the same issues as in his original motion to alter judgment. Plaintiff also filed a Motion for Video Conference seeking to present oral arguments on his motions (Doc. 236). He has also filed several Motions for Court Order (Doc. 239) and Motions for Status (Docs. 241 and 243) seeking decisions on his pending motions. The Court **DENIES** those motions (Docs. 239, 241, and 243) **AS MOOT**. Further, the Court **DENIES** Plaintiff's request for a video conference on the motions as the Court finds that the issues raised in the

motions are fully briefed and the Court requires no further arguments in order to issue its ruling.

### III.     Analysis

Plaintiff seeks to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59. This Court construes Plaintiff's motion as one filed on Federal Rule of Civil Procedure 59(e) because Plaintiff argues that there was a mistake in law or fact. **_Obriecht v. Raemisch_, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) time period are construed based on their substance, not their timing or label)(citing _Borrero v. City of Chicago_, 456 F.3d 698, 701-02 (7th Cir. 2006)(clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")).** A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. _Matter of Prince_, 85 F.3d 314(7th Cir. 1996), _reh'g and suggestion for reh'g en blanc denied, cert. denied_ 519 U.S. 1040; _Deutsch v. Burlington N. R. Co._, 983 F.2d 741 (7th Cir. 1993). Likewise, a movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. **_Obriecht v. Raemisch_, 517 F.3d 489, 494 (7th Cir. 2008) (citing _Sigsworth v. City of Aurora, Ill._, 487 F.3d 506, 512 (7th Cir. 2007)).** The rule "does not provide a vehicle for a party to undo its own procedural failures." **_Moro v. Shell Oil Co._, 91 F.3d 872, 876 (7th Cir. 1996).** The relief provided by the rule is only available if the movant clearly establishes one of the described bases for relief. **_Harrington v. City of Chicago_, 433 F.3d 542, 546 (7th Cir. 2006).**

Here, Plaintiff argues that the Court should amend its judgment because Plaintiff never consented to proceed before the magistrate judge, was never consulted by his attorney prior to

the response to the summary judgment being filed, and did not attach an affidavit from his mother which, he argues, would have prevented summary judgment from being entered in Defendants' favor.

As to Plaintiff's argument that he never consented to the magistrate judge, the Court notes that a Notice and Consent to Proceed Before a Magistrate Judge (Doc. 222) was filed by his counsel, Joshua N. Worthington, on June 12, 2013. Plaintiff argues that he never gave his counsel consent to file the notice and that he sent counsel correspondence on June 18, 2013 indicating that he wanted to keep the current trial date before District Judge Reagan.

Under **28 U.S.C. § 636(c)(1),** a magistrate judge may, upon consent of the parties, "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." The Seventh Circuit has held that consent does not have to be in writing but must be "on the record, clear, and unambiguous." *Stevo v. Frasor*, 662 F.3d 880, 883 (7th Cir. 2011) (citing *Kalan v. City of St. Francis*, 274 F.3d 1150, 1152 (7th Cir. 2001)). Consent can also "be implied from conduct of parties during the proceedings, at least where the parties have notice of their right to refuse." *Id.* **(citing** *Roell v. Withrow*, **538 U.S. 580, 590, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003)).** Attorneys can consent on behalf of their clients as long as they had apparent authority to do so. *Noah v. Macari's Chrysler Plymouth Jeep Eagle, Inc.*, **57 Fed. Appx. 708, 2003 WL 463473, at \*1 (7th Cir. 2003) ("Tactical choices are left to lawyers,** *see Link v. Wabash R. Co.*, **370 U.S. 626, 633-34 (1962), and we have applied this principle to consent forms bearing only counsel's signature.");** *see also Gonzalez v. U.S.*, **552 U.S. 242, 252, 128 S.Ct. 1765 (2008) (finding that an attorney, acting on his client's behalf, can make an informed decision to consent to a magistrate judge examination of the jury in a criminal case).** Further, "[j]udgments are not 'void' because a lawyer with apparent authority to act in a particular way may have lacked actual authority to do so." *Noah*, **57 Fed. Appx. 708, 2003 WL 463473, at \* 1.** However,

the Seventh Circuit has noted that defects, like a lack of actual authority, may be remedied if brought promptly to the judge's attention. *Id.* **at \*2.** Specifically, in *Noah*, the Seventh Circuit noted that an attorney's lack of actual authority could be remedied within the time requirements of Rule 59. *Id.*

Here, Plaintiff sought to remedy the defect with his counsel's consent by promptly seeking a review of the judgment within the timeframe set forth in Rule 59. Plaintiff filed his motion to amend judgment a mere nine (9) days after judgment was entered in this case and well within Rule 59's twenty-eight (28) day time limit. Further, there is evidence in the record that Plaintiff's consent may have been ambiguous. Plaintiff argues that he never consented to proceed before the magistrate judge and specifically informed his counsel that he wished to keep the trial date before District Judge Reagan. His appointed counsel has acknowledged that he had a conversation with Plaintiff, prior to filing their consent to proceed before a magistrate judge, in which Plaintiff expressed a desire to keep the current trial date before Judge Reagan. Plaintiff's counsel also acknowledges that Plaintiff's consent may have been ambiguous at the time that he filed the consent with the Court. Thus, as Plaintiff has timely filed a motion to alter judgment arguing that he did not consent to proceed before the magistrate judge and there is evidence in the record to support his position, the Court **GRANTS** Plaintiff's motion to amend. Accordingly, the Court **VACATES** the Judgment (Doc. 228) and Order Granting Summary Judgment (Doc. 226) in this case, as well as Plaintiff's Consent (Doc. 222) and the Final Notice of Referral (Doc. 224). Defendants' motion for summary (Doc. 213) and all related briefs are **REINSTATED**. The undersigned **REFERS** this case back to District Judge Michael J. Reagan for a ruling on the pending motion for summary judgment.

In light of the Court's ruling, the Court **FINDS AS MOOT** his Appeal of Magistrate Judge Decision (Doc. 231) as the case has now been referred back to District Judge Reagan.

### IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's Motion to Alter or Amend Judgment (Doc. 230), **VACATES** the Judgment, Order Granting Summary Judgment, Plaintiff's Consent, and Notice of Referral in this case, and **REFERS** this case back to District Judge Reagan. The motion for summary judgment is also reinstated for District Judge Reagan's review. Plaintiff's motion for leave to amend (Doc. 238) also remains pending. Further, Plaintiff's Motion to Appeal to the District Judge (Doc. 231) is **MOOT**. The Court also **DENIES** his Motion for Video Conference (Doc. 236) and **FINDS AS MOOT** his Motion for Court Order (Doc. 239) and Motions for Status (Doc. 241 and 243).

Although the summary judgment in this case has been reinstated, no further briefing is needed on the motion as the issues were already fully brief by the parties. Thus, the Court believes that appointment of counsel is no longer needed. The Court, accordingly **GRANTS** the pending Motion to Withdraw (Doc. 229) filed by Joshua Worthington and thanks him for his service. The Court does **INSTRUCT** Attorney Worthington to return to Plaintiff any documents that Plaintiff submitted to him in preparation for this case as Plaintiff has asked that those documents be returned (Doc. 240). In entering this Order, the Court also **INSTRUCTS** the Clerk of Court to send Plaintiff a copy of this Order along with a copy of the docket sheet as he has requested (Doc. 242).

**IT IS SO ORDERED**.
DATED: March 6, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge