IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. GEVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0325-MJR-SCW |
| | ) |
| JOYCE HOSKINSON, CAROL HAHN, | ) |
| and HEATHER CECIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Before the Court is a Bill of Costs (Doc. 248) filed by Defendants Heather Cecil, Carol Hahn, and Joyce Hoskinson. As the prevailing parties, Defendants request that they be awarded costs pursuant to **28 U.S.C. § 1920** and **Fed. R. Civ. P. 54(d)(1)**. Defendants ask for costs totaling $859.00 for fees for the court reporter for depositions taken in preparation for this case.

Plaintiff has filed three objections to Defendants' motions (Docs. 254, 255, 256), arguing that (1) he is indigent and should not have to pay, (2) he should not have to pay the costs of an expedited transcript, (3) Defendants failed to request costs in their Answer, and (4) Defendants should be denied costs for Plaintiff's initial deposition because the notice was improper. For the reasons explained herein, the undersigned SUSTAINS IN PART Plaintiff's Objections to the Bill of Costs, and TAXES Plaintiff a reduced amount of **$706.00**.

### LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties. FED. R. CIV. P. 54(d); *Taniguchi v. Kan Pacific Saipan, Ltd.*, --- U.S. ----, 132 S.Ct. 1997, 2001 (2011). The Rule provides that "[u]nless a federal statute, [the civil] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). A party prevails in litigation "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Krocka v. City of Chi.*, 203 F.3d 507, 517 (7th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). Here, it is undisputed that Defendants are prevailing parties.

But the presumption for awarding costs does not mean that party will recover *all* litigation expenses. Costs are particular, statutorily-defined categories of incurred charges worthy of reimbursement. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441–42 (1987)). The statutory provision that limns "costs" under Rule 54(d) is 28 U.S.C. § 1920. *Taniguchi*, 132 S.Ct. at 2000–01. Section 1920 sets forth six categories of compensable costs that may be taxed:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

**28 U.S.C. § 1920.** Title 28 U.S.C. § 1821 spells out the precise amounts recoverable by witnesses ($40 per day for each day's attendance fees plus certain travel expenses). Expenses not on the statutory list must be borne by the party incurring them. *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).

The Seventh Circuit recognizes that a district court may, in its discretion, deny costs where the losing party is indigent. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). The burden is on the losing party to show they are incapable of paying costs. *Id.*

### 1. *No Indigency Exception*

To consider the indigency exception, the Court must conduct a two-step analysis: (1) the Court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future"; and (2) the Court "should consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by [the] case." *Id.* at 635. The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit

or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, Plaintiff has failed to meet his threshold burden. While Plaintiff did obtain *in forma pauperis* status to pursue this case, he has not provided any documentation that he continues to be in pauper status or that he will continue his pauper status into the future. The only documents that he attaches to his objection (Doc. 256) are invoices for the depositions; he neglects to provide any information on his financial status. Defendants have, however, provided the Court with Plaintiff's trust fund statement (Doc. 257-1) which indicates that Plaintiff regularly has a positive balance in his account and receives regular payments from outside the prison in the amount of $500 to $1,000. Further, Defendants point out that Plaintiff just obtained a judgment (of which this Court is well aware) in another case in the amount of $10,001.00. *See Gevas v. Ryker*, No. 10-cv-0493 (Doc. 239).[1] Thus, the Court finds that Plaintiff has not met his burden of showing his inability to pay Defendants' costs and **DENIES** Plaintiff's request to deny fees based on his indigence.

## 2. *No Requirement for Cost Request in Answer or Considering Alternative Means of Testimony*

---

[1] The Court does note that case is currently on appeal, but given the large sums frequently deposited into Plaintiff's account, the $10,000 verdict is not dispositive.

Plaintiff also argues that he should not have to pay Defendants' costs because they did not request costs in their Answer and because Plaintiff sought alternative means of obtaining testimony in order to keep deposition costs low. Plaintiff, however, fails to point to any case law supporting his position that requests for costs must be in a defendant's answer. The Court finds no indication of such a requirement. Nor has Plaintiff shown that alternative offers of testimony should be considered when awarding costs. The Court is unaware of any legal support bolstering Plaintiff's positions, and is under no obligation to do Plaintiff's research for him. *See Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000) (in analogous context, "fees for work done during the case should be sought after decision").

### 3. *Cost of Necessarily-Expedited Transcript was Reasonable*

Plaintiff also argues that he should not have to pay $3.25/page for a transcript of Plaintiff's deposition on February 20, 2013 (Doc. 255, p. 3). Plaintiff argues that Defendants could have ordered the transcript at a lower price. Defendants argue that they had to expedite the transcripts given the short time between when the transcript was taken and the date that dispositive motions were due. Defendants point out that the deposition at issue was taken on February 20 and dispositive motions were due on March 14, 2013, requiring that the transcript be expedited in order for it to be used in writing Defendants' dispositive motion. The Court finds such costs reasonable and recoverable. *See Fischer v. Avanade, Inc.*, Case No. 05C5594, 2007 WL3232494, at * 2-3 (N.D. Ill. Oct. 31, 2007) (collecting cases) (finding expedited transcript and price of $4.40/page reasonably

necessary for upcoming deadlines); *Roney v. Ill. Dept. of Transportation*, 99C4941, 2007 WL 1100751 (N.D. Ill. April 12, 2007) (expedited transcripts are recoverable when party demonstrates reasonable need). Further bolstering Defendants' position is the fact that the Judicial Conference of the United States allows for the maximum rate of $3.65/page for transcripts produced within thirty (30) days.[2] Accordingly, the Court finds Defendants' requested transcript costs for the February 20, 2013 deposition to be reasonable and within the accepted range.

### 4. Initial Deposition's Transcript Fee was Unnecessary

Finally, Plaintiff argues he should not have to pay costs associated with a deposition he participated in on April 18, 2012, as he filed a motion regarding that deposition and Magistrate Judge Stephen C. Williams found that the deposition notice was improper.

Section 1920(2) only allows a party to recover costs for *necessary* transcripts. At the time Plaintiff's initial deposition was taken there was a pending motion regarding an issue with Plaintiff's handcuffs. Defendants went ahead with the initial deposition anyway, leading to a dispute and—ultimately—a second deposition. Magistrate Judge Williams noted at a hearing on the matter that Defendants should have postponed the initial deposition until a ruling was made on the handcuff issue. The Court accordingly finds that the transcripts for the initial deposition were not a necessary expense, since Defendants should have waited to

---

[2] See JUD. CONF. OF U.S., MAXIMUM TRANSCRIPT RATES, *available at* http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/DistrictCourts/FederalCourtReportingProgram.aspx#rates.

resolve the handcuff issue prior to conducting the initial deposition. The Court finds that Defendants are not entitled to the $153.00 transcript fee associated with that deposition.

## CONCLUSION

For the reasons explained above, the Court **SUSTAINS IN PART** Plaintiff's objections to Defendants' Bill of Costs, and will allow Defendants to recover their requested costs minus the $153.00 associated with the April 18, 2012 deposition. The Court **DIRECTS** the Clerk of Court to **TAX** a total of **$706.00 in favor of Defendants Hoskinson, Cecil, and Hahn, and against Plaintiff Gevas.**

IT IS SO ORDERED.

DATED: March 6, 2015.  s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
United States District Court